THE PEOPLE OF THE STATE OF NEW YORK, Respondents, *v.* CLARA M. UNDERHILL and WILLIAM J. UNDERHILL, Appellants.

*Village street — dedication and acceptance — obstruction.*

The acceptance of the dedication of a village street, designated on a map made and filed by the owner of the land and in reference to which lots have been sold, may be inferred frcm the facts that the village trustees put up the map name at the corner of the street, worked a part of it and put water and lights upon it so far as built upon, and made a map for a system of sewers and included the street among the public highways of the village.

Where a street has been dedicated to the public by being designated on a map made and filed by the owner of the land and by which he has sold adjacent lots and has been accepted as a village street, and although not made a good street for public travel, has been in constant use by pedestrians and has never ceased to be used in its whole width, the owner of an adjacent lot, who is bound by the map and who bought while the street was so used, is guilty of obstructing a highway if he shuts up half the width of the street in front of his lot.

APPEAL by the defendants, Clara M. Underhill and William J. Underhill, from a judgment of conviction of the Court of Sessions. of Westchester county, rendered on the 29th day of August, 1891, upon a verdict declaring the defendants guilty of the crime of maintaining a public nuisance in obstructing a public highway in the village of Sing Sing.

*Calvin Frost*, for the appellants.

*W. P. Platt, District Attorney*, for the respondents.

BARNARD, P. J. :

In 1859 the People of the State of New York owned lands adjacent to the Sing Sing prison. By chapter 470 of the laws of that year, the Legislature authorized a sale of a portion of this land and a map to be made of the portion to be sold. The authorities of the State made a map of the lands, divided them into lots, and designated streets thereon. The map was filed and the lands sold with reference to this map. Houses have been built upon the street, but it has never been made a good street for public travel. As between the persons who have purchased the lots on the street and those who have bought with reference to the map, the street should, and must legally, remain an open street for its map width of fifty feet. The defendants, who are bound by the plan, have shut up one-half of the street so far as it adjoins their lot on the avenue which crosses the termination of Lafayette avenue, the street in question. The proof of dedication of Lafayette avenue is complete. The State so called it on the map by which they sold. The authorities had power to open the street so far as to bind all purchasers. A highway must be accepted and this is the debatable question in the case. There is no formal resolution by the village of Sing Sing, but an acceptance may be inferred from other proof. The trustees put up the map name of Lafayette avenue at the corner of the street. The trustees worked the street for some 350 feet and put water and lights upon it so far as the houses were built upon it. The trustees made a map for a system of sewers and this Lafayette avenue was included among the public highways of the village. This evidence uncontradicted is sufficient to uphold the verdict of the jury that the street was accepted. There is no proof to show a revocation of the

dedication. The village did not proceed very fast in improving the whole street; but the travel over it by pedestrians was frequent and constant. The defendant bought in 1889 and his grantor in 1886. The road was used when they bought and has never ceased to be used in its whole width so far as needed, until the defendants fenced in half of it.

The conviction and judgment should be affirmed.

PRATT, J., concurred.

Conviction and judgment affirmed.